# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**JTH TAX, INC. d/b/a**
**LIBERTY TAX SERVICE,**

|  |  |
|---|---|
| **Plaintiff,** | **Misc. No. _____** |
|  | **Civil No. 2:11cv56 (pending in E.D. of Va.)** |
| **v.** |  |

**TROY CLARK, and**
**SOUTHWEST TAX STORES, LLC.**

### Defendants.

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND INSPECTION OF PREMISES

Plaintiff JTH Tax, Inc. d/b/a/ Liberty Tax Service ("Liberty"), by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of its Motion to Compel against Kim Gutierrez. ("Gutierrez") and Freedom Tax Stores, LLC. ("Freedom Tax").

## PRELIMINARY STATEMENT

Liberty is the Plaintiff in a pending action filed in the United Stated District Court for the Eastern District of Virginia. (Attached as Exhibit 1 is a copy of the Complaint in that action.) Liberty brings this Motion to Compel because Gutierrez and Freedom Tax have failed to timely file and have therefore waived objections to a subpoena served on April 14, 2011. (Attached as Exhibit 2 is Liberty's Subpoena to Kim Gutierrez and Return Proof of Service; attached as Exhibit 3 is Liberty's Subpoena to Freedom Tax, LLC and Return Proof of Service.)  Liberty served the Subpoenas to seek the production of documents and the inspection of Gutierrez's and Freedom Tax's computers for certain information in connection with the litigation currently pending in the

United States District Court for the Eastern District of Virginia (the "Litigation"). As discussed more below, the information sought from Gutierrez and Freedom Tax is relevant, material and necessary to Liberty's prosecution of its claims in the Litigation. Pursuant to strict deadlines in the Litigation, Liberty must complete all discovery, including as to non-parties, by July 26, 2011, pursuant to the Eastern District of Virginia's notorious "rocket docket." Because of strict pretrial deadlines, it is imperative that the discovery be provided promptly.

On May 6, 2011, counsel for Gutierrez and Freedom Tax provided written objections to the Subpoena. While responding to some requests and indicating there were no documents responsive to other requests, Gutierrez and Freedom Tax objected to the remaining items generally claiming that the information requested was generally claiming that the information requested was "privileged," "confidential," and contained "trade secrets," and that the computer inspection would cause "irreparable harm" and was intended to "unduly burden, embarrass, and harass" Gutierrez and Freedom Tax.

In a good-faith effort to address these issues, Liberty offered to enter into a Protective Order with Freedom Tax and Gutierrez. However, Freedom Tax and Gutierrez rejected the offer. Liberty is bringing this motion to compel before Liberty incurs significant expense and hardship to travel to Albuquerque, New Mexico with their computer technicians. At that point, Liberty will be left with little remedy but to come back to this Court seeking an emergency hearing and having to incur the expense of making duplicate trips. This motion is an attempt to preempt those costs, save this Court the burden of emergency hearings, and ensure that Liberty is able to obtain relevant discovery from Freedom Tax and Gutierrez within the applicable deadlines.

## RELEVANT BACKGROUND

### The Eastern District of Virginia Litigation

Liberty is a tax preparation service with over 3,000 tax preparation offices in the United States.  In connection with Liberty's business operation, Liberty licenses to others the right to operate facilities bearing the name "Liberty Tax Service" through franchise agreements.  Southwest Tax Stores, LLC, was a Liberty franchisee, with Liberty Tax Service offices in Albuquerque, New Mexico.  Troy Clark was the manager and a member of Southwest Tax Stores.

Freedom Tax is a tax preparation service that competes directly with Liberty Tax Service offices in Albuquerque, New Mexico. Gutierrez is the sole member of Freedom Tax, LLC. Freedom Tax opened for business in 2010, after Troy Clark's Liberty franchised offices were terminated.

On January 28, 2011, Liberty brought suit in the United States District Court for the Eastern District of Virginia against Troy Clark and Southwest Tax Stores, LLC (collectively "Clark").   In its Complaint, Liberty asserts claims against Clark breach of the franchise agreement, trademark infringement, business conspiracy, and conspiracy.

These claims are based upon allegations that, among other things, Clark through his former Liberty employees, Kim Gutierrez and Ron Clark (his father), established a competing business, Freedom Tax, and failed to return to Liberty all copies of its customer lists and other proprietary information, and instead gave such information to former employees for the purpose of establishing Freedom Tax.

**The Subpoena and Gutierrez's Refusal to Comply**

On April 12, 2011 pursuant to Rule 45 of the Federal Rules of Civil Procedure, counsel for Liberty issued a subpoena to Gutierrez regarding the production of various documents. The Subpoena was personally served April 14, 2011 on Gutierrez at 3119 San Mateo Blvd. NE., Albuquerque, NM 87110. (*See* Ex. 2.) On April 13, 2011 pursuant to Rule 45 of the Federal Rules of Civil Procedure, counsel for Liberty issued a subpoena to Freedom Tax regarding the production of various documents and the inspection of Freedom Tax's computers on the premises of their offices located in Albuquerque, New Mexico. The Subpoena was personally served April 14, 2011 on Freedom Tax's owner, Kim Gutierrez, at the Freedom Tax Location at 3119 San Mateo Blvd. NE. Albuquerque, NM 87110. (*See* Ex. 3.)

Gutierrez's deadline to respond to Liberty's requests was April 28, 2011, while Freedom Tax's deadline to respond was May 6, 2011. Liberty granted Gutierrez an extension for production until May 6, 2011. On May 6, 2011, Gutierrez and Freedom Tax mailed, via first class mail, their objections to certain documents. (Attached as Exhibit 4 are Gutierrez's Responses and Objections; attached as Exhibit 5 are Freedom Tax's Responses and Objections.) When counsel for Liberty contacted Freedom Tax's and Gutierrez's counsel on May 16, 2011 via telephone in a good faith effort to resolve these issues and arrange compliance with the Subpoena, he indicated his clients' intent not to allow the computer inspection, although he indicated would submit some documents but has yet to comply.

## ARGUMENT

### I.   FREEDOM TAX AND GUTIERREZ WAIVED ANY OBJECTIONS TO THE SUBPOENA

Freedom Tax and Gutierrez did not object to the Subpoena within 14 days of service, therefore, they have waived any objections that might have been raised. Fed. R. Civ. Pro.

45(c)(2)(B). *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998) ("[A] person commanded to produce" by a subpoena is required to make a written objection to such production within 14 days after service of the subpoena. ... By failing to object within the time permitted by the Federal Rules, Mr. Harrigan has waived the right to object.") The Subpoena at issue was served on April 14, 2011. (*See* Exs. 2, 3.) Freedom Tax and Gutierrez did not provide written objections to the Subpoena until they were mailed on May 6, 2011. (*See* Exs. 4, 5.) Hence, Liberty is entitled to an Order to Compel on this basis alone.

## II.   THE SUBPOENA SEEKS RELEVANT INFORMATION THAT IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE

While Liberty is entitled to an Order to Compel since Gutierrez waived its objections, Liberty is also entitled to an Order to Compel under a traditional discovery analysis.

The Federal Rules of Civil Procedure provide that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). This broad scope of discovery applies to non-party subpoenas as well. *See Centurion Industries, Inc. v. Warren Steurer & Associates*, 665 F.2d 323, 325 (10th Cir. 1981) ("Rule 45(d) covers subpoenas for taking depositions and permits them to require the production of designated documents which are within the scope of the examination permitted by Rule 26(b)."); *Phillip M. Adams & Assocs., LLC v. Fujitsu Ltd.*, 2010 U.S. Dist. LEXIS 25417 (D. Utah Mar. 17, 2010) (applying broad discovery rules to subpoena request).

The materials sought pursuant to the Subpoena are relevant, material and necessary to the prosecution of Liberty's claims in the Litigation. Liberty's claims against Clark and Southwest Tax are based upon, among other things, Clark's failure to obtain employment agreements, his failure to deliver to Liberty all copies of customer lists and other proprietary information, and his

engagement in a conspiracy to breach his non-compete.  It is alleged that defendants' actions have allowed at least three former employees of Southwest Tax, Gutierrez, Ron Clark, and Tom Costigan, to unfairly compete directly with Liberty through Gutierrez.

Under pertinent case law, the defendants can be liable for a breach of the non-compete agreement if they furnished leases, personnel, furniture, equipment, capital, or assistance to Gutierrez so that Gutierrez could carry out a breach of the non-compete in the place of the defendants.  For example, in *Rash v. Hilb, Rogal & Hamilton Co.,* 251 Va. 281, 286, 467 S.E.2d 791, 794 (Va. 1996) the defendant was engaged in a conspiracy and breached his non-compete because he allowed his wife to use his credit card, automobile, home and investment property to start a competing business. *See also JTH Tax, Inc. v. Lee*, 541 F. Supp. 2d 818, 647-48 (E.D. Va. 2007) (finding breach of Liberty's franchise agreement where former franchisee provided office leases, furniture, and Liberty's client files); *Riverview Floral, Ltd. v. Watkins*, 754 P.2d 1055, 1058 (Wash. Ct. App. 1988) (non-compete is breached where the parties under a non-compete provide financing, equipment and use of a building to carry out conduct in violation of a non-compete).

An examination of the Subpoenas (Exs. 2, 3) shows that all of the information sought relates to proof that the defendants – through Freedom Tax and its employees- breached its post term and other duties.  The items requested also seek to gather other relevant information on witnesses, damages, etc.  The items still at issue in the Gutierrez subpoena and their relevance are as follows:

- Item 2 seeks employment contracts or agreements, including promissory notes, with Freedom Tax stores this information is relevant because it tends to show who are relevant witnesses, and whether Troy Clark has provided financial assistance to Freedom Tax.

- Item 3 seeks the sources of start-up capital provided by Gutierrez to determine the extent that the defendants may have provided financial assistance to Gutierrez.

- Items 4-5 seeks communications and agreements between Gutierrez and the defendants, this information is relevant to Liberty claim that the parties acted within a conspiracy to open Gutierrez and what level of involvement the defendants have in Gutierrez.

Additionally, the items still at issue in the Freedom Tax subpoena and their relevance are as follows:

- Item 1 seeks monies received by Freedom, which is relevant to damages.

- Item 2 seeks employee contact information, relevant to locating potential witnesses.

- Items 3-4 seek customer information to determine if the defendants wrongfully retained and transferred to Freedom customer information, in express violation of the defendants' post term duties.

- Items 7-9 seek billings, cancelled checks and related information to see the extent that the defendants may have provided financial assistance to Freedom Tax.

- Item 11 seeks employment agreements and times worked for employees, again, to locate possible witnesses or ascertain liability.

- Item 12 seeks any documents relating to any equity interest defendants may have in Freedom Tax.

- Item 20 seeks copies of all advertisements used by Freedom Tax.  This information is relevant to Liberty's claim of trademark infringement.

- Item 23-26 seek revenues, expenses, and banking information, which is relevant to damages and to determine the extent that the defendants may have provided financial assistance to Freedom Tax.

- Item 28 seeks the sources of all start-up capital to see extent that the defendants may have provided financial assistance to Freedom Tax.

- Items 29-30 seeks communications and agreements between Freedom Tax and the defendants, this information is relevant to Liberty claim that the parties acted within a conspiracy to open Freedom Tax and what level of involvement the defendants have in Freedom Tax.

Also, the computer inspection would allow Liberty to learn:

- Whether Liberty Tax customer information or tax returns from calendar year 2010 were downloaded or transferred into those computers and when these items were deleted from the computer;

- Whether Liberty Tax customer information of tax returns from calendar year 2010 were used to prepare tax returns in 2011 at Freedom Tax. (Having this information would be beneficial to the Defendants because having prior year tax returns when doing current year tax preparation allows easier filling due to saved dependent information, loss carry forwards, and depreciation information in the prior year returns);

- Whether Freedom Tax is using or in possession of any other Liberty information that should have been delivered to Liberty by Clark;

- Whether Liberty's clients were diverted, and how many of them were diverted, to help determine the extent of damages to Liberty by Clark's breach; and

- Whether there has been any attempt to delete incriminating data or information.

Simply put, the best way to determine the extent of Troy Clark and Southwest Tax's breach of their agreement with Liberty by disclosing confidential and proprietary information is by inspecting Freedom Tax's computers.

## III. THE SUBPOENA POSES NO THREAT TO ANY CONFIDENTIAL OR TRADE SECRET INFORMATION

Counsel for Freedom Tax and Gutierrez also complains that the materials sought may include confidential, privileged, and trade secret information. This is a telling objection given that a primary purpose of the lawsuit is Liberty's effort to obtain the return of and prevent the continued use of its customer lists, customer files, and related proprietary information misappropriated by Defendants and delivered to Freedom Tax and Gutierrez. (*See* Ex. 1 ¶¶ 25-32.)   To the extent the information may contain confidential, proprietary or trade secret information, Liberty has proposed and is willing to stipulate to entry of a protective order to limit the disclosure of such information to purposes relating to the lawsuit. Rule 26(b) protects information that is privileged and information that is prepared in anticipation of litigation.

Nothing in the Rule protects confidential or trade secret information in general. *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362, 99 S. Ct. 2800, 2813, 61 L. Ed. 2d 587 (1979) ("[T]here is no absolute privilege for trade secrets and similar confidential information."); *Centurion Industries, Inc.*, 665 F.2d at 325-26 ("[I]f relevancy and need are shown, the trade secrets should be disclosed.")

As to the other information sought, Freedom Tax and Gutierrez cannot demonstrate that any of the materials sought by Liberty are trade secrets, confidential, or otherwise privileged. The items requested by Liberty — including employment agreements, communications with Troy Clark and sources of funding — cannot fairly be categorized as confidential, privileged or trade secrets. Hence, Freedom Tax's and Gutierrez's objection is without merit with respect to that information.

In addition, disclosure of income tax returns and the sensitive information that is affiliated with tax preparation and returns is expressly permitted in the context of a lawsuit. Specifically, 26 U.S.C. § 7216, which prohibits the disclosure of such information, grants an exception when disclosure is made "pursuant to an order of a court." 26 U.S.C. § 7216 (b)(1)(B)(a).

The same section of the Code provides that the prohibitions against disclosure of subsection (a) "shall not apply to a disclosure or use of information which is permitted by regulations prescribed by the Secretary under this section." 26 U.S.C. § 7216(b)(3). Under such regulations, disclosure of tax return information is specifically allowed in court proceedings. 26 CFR § 301.7216-2(g)(3) (a tax return preparer is allowed to disclose customer tax return information "to any officer of a court for use in connection with proceedings involving the tax

return preparer...")  As a tax preparation business, Liberty is already bound by 26 U.S.C. § 7216 and its regulations to maintain the confidentiality of any customer tax return information.

## IV.   THE SUBPOENA POSES NO THREAT TO ANNOYANCE, EMBARASSMENT, OPPRESSION, OR UNDUE BURDEN

Gutierrez and Freedom Tax made a number of conclusory objections to the Subpoena for the computer, for instance claiming "irreparable harm" and asserting that, with respect to Gutierrez, the requests in the Subpoena "are intended to unduly burden, embarrass, and harass a non-party," and with respect to Freedom Tax that the requests "are intended to unduly burden, embarrass, and harass Freedom Tax, LLC and to disrupt its business."  Again, Freedom Tax and Gutierrez have failed to identify how production of any of the documents or the inspection request would be unduly burdensome or how the requests would result in irreparable harm or serve to embarrass or harass the party subject to the request.  Furthermore, now that tax season has ended, there would be minimal interference with Freedom Tax's ability to carry on its business.  And, as previously mentioned, Liberty sends trained computer technicians to perform the task, they have done it before, and never damaged any computer.  Accordingly, Freedom Tax's and Gutierrez's conclusory objections lack factual and legal support and should be disregarded.

<b><u>CONCLUSION</u></b>

For the reasons stated above, Liberty respectfully requests that the Court issue an Order compelling Freedom Tax and Gutierrez to comply with the Subpoena in all respects, and grant Liberty such other and further relief as it deems appropriate.

MODRALL SPERLING ROEHL HARRIS & SISK, P.A.

By: /s/ Michael L. Carrico
      Michael L. Carrico
      Attorneys for Plaintiff
      Post Office Box 2168
      Bank of America Centre
      500 Fourth Street NW, Suite 1000
      Albuquerque, New Mexico 87103-2168
      Telephone: 505.848.1800

I HEREBY CERTIFY that on the 20th  day
of May, 2011, the foregoing was filed electronically
through the CM/ECF system and served on the
the following persons by hand-delivery

David Standridge
Standridge Law Firm, P.C.
1516 San Pedro Dr. NE
Albuquerque, N.M. 87110

Kim Gutierrez
3118 San Mateo Blvd. NE
Albuquerque, New Mexico 87110

MODRALL SPERLING ROEHL HARRIS & SISK, P.A.

By: /s/ Michael L. Carrico
      Michael L. Carrico

K:\dox\client\90000\300\W1466547.DOC