

FILED
JAN 28 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE,

          Plaintiff,

v.

          Civil No. 2:11cv59

TROY CLARK, and
SOUTHWEST TAX STORES, LLC,

          Defendants.

## COMPLAINT

The Plaintiff, JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty"), by counsel, and for its Complaint against the Defendants, Troy Clark and Southwest Tax Stores, LLC, ("Defendants"), states as follows:

### The Parties

1. Liberty is a Delaware corporation with its headquarters and principal place of business at 1716 Corporate Landing Parkway, Virginia Beach, Virginia 23454.

2. Troy Clark is a citizen of the state of New Mexico whose last known home address is 11475 Ranchitos Rd. NE, Albuquerque, New Mexico, 87122.

3. Southwest Tax Stores, LLC is a Delaware Limited Liability Corporation with its headquarters and principal place of business at 11475 Ranchitos Rd. NE, Albuquerque, New Mexico, 87122. Troy Clark is the principal Organizer and registered agent of Southwest Tax Stores, LLC.

### Personal Jurisdiction

4. Personal jurisdiction over Defendants exists in Virginia because:

1



EXHIBIT
1

    a.    In the process of purchasing and operating a Liberty Tax franchise, Defendants had a substantial and continuing relationship with Liberty's headquarters in Virginia Beach, Virginia, including travel to Virginia to attend a one-week training class in Virginia Beach, and the submission of regular reports and other regular contact with Liberty in Virginia Beach, Virginia. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1984).

    b.    Defendants' Franchise Agreements with Liberty contains a consent to jurisdiction clause in favor of Virginia. (Ex. 1 § 15.b ("Franchise Agreement").[1])

## Subject Matter Jurisdiction

5.    This Court has subject matter jurisdiction under: (a) 28 U.S.C. § 1338(a), in that a portion of this claim is based upon the federal Lanham Act, 15 U.S.C. § 1114 and 1125; and (b) 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy, excluding interest and costs, exceeds $75,000.

## Venue

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this cause of action arose in Virginia Beach and because Defendants' Franchise Agreements contains a forum selection clause specifying venue in this Court. (Franchise Agreement § 15.b.)

---

[1] Attached as Exhibit 1 is the Franchise Agreement for Territory NM038. The Franchise Agreements for the other territories are the same or substantially similar.

2

## Facts

7. Liberty is engaged in the business of advertising, promoting and licensing a system of tax preparation centers throughout the United States.

8. In the January-April 2010 time frame, Liberty had approximately 3274 offices nationwide, 3217 of which were franchised. During this time period, in New Mexico, Liberty had approximately 14 franchised offices.

9. Liberty's current franchise fee is $40,000 per territory. A Liberty franchise territory typically contains one Liberty office.

10. In the fiscal year ending April 30, 2010, Liberty spent $10,783,306 advertising and promoting its services under its marks.

11. In connection with Liberty's business operation, Liberty licenses to others the right to operate facilities bearing the name "Liberty Tax Service" and to use Liberty's federally registered marks.

12. Liberty is the holder of the following federally registered trademarks for use in promotion of income tax preparation services:

   a. "Liberty Tax Service" and design- registered on August 21, 2001 (reg. no. 2,479,692) (Ex. 2.)

   b. The Statue of Liberty costume: registered on Nov. 7, 2006 (reg. no. 3,167,134) (Ex. 3.)

   c. The Statue of Liberty costume: registered on Feb. 17, 2009 (reg. no. 3,574,394) (Ex. 4.)

   d. An Uncle Sam costume: registered on December 16, 2008 (reg. no. 3,545,630) (Ex. 5.)

13. Liberty has featured these registered trademarks in the advertising and promotion of its system of tax preparation centers. Liberty has spent considerable sums of money advertising and promoting its marks.

14. Liberty's marks are inextricably intertwined with its methods, procedures and high standards and have come to represent, as well as resulted in the development of, the valuable goodwill and reputation of Liberty as provider, through its licensees, of quality tax preparation centers and related services.

15. Defendants are aware of these trademarks.

16. On January 7, 2005, Timothy Parker entered into one Franchise Agreement with Liberty for the territory known as NM052. On January 11, 2005, that territory was swapped for NM008.

17. On April 22, 2005, Timothy Parker entered into two Franchise Agreements with Liberty for the territories known as NM038 and NM054.

18. On October 9, 2006 Timothy Parker entered into two Franchise Agreements with Liberty for the territories known as NM005 and NM006.

19. On October 11, 2007, Timothy Parker and Troy Clark signed an "Assignment and Amendment to Franchise Agreement" form changing the name of the franchisee from Timothy Parker to Southwest Tax Stores, LLC, with Troy Clark as the personal guarantor, for territories NM008, NM004, NM038, NM054, NM005, and NM006.

20. On October 17, 2007, Defendants swapped NM005 for NM041. On February 5, 2008, territory NM041 was swapped for NM042.

21. Pursuant to these Franchise Agreements, Defendants operated six Liberty Tax Service offices located at 3118 San Mateo Blvd. NE, Albuquerque, New Mexico 87110; 475 Coors Blvd.

4

NW, Suite D, Albuquerque, New Mexico 87121; 1449A Eubank Blvd., Alburqurque, New Mexico 87112; 1603 Main Street, Los Lunas, New Mexico 87031; 627 North Main Street, Belen, New Mexico 87002; and 1009 Golf Course Road SE, Suite 104, Rio Rancho, New Mexico 87124.

22. The franchise agreements for territories NM008, NM038, and NM054 expired according to their terms on January 1 and April 22, 2010, respectively.

23. On or about January 11, 2011, the franchise agreements for territories NM006 and NM042 were terminated due to failure to maintain required business hours, failure to pay amounts owing to Liberty and failure to submit required reports.

24. Upon termination of their franchised business, Defendants lost their license to use Liberty's marks.

25. Upon termination of their franchised business, Defendants became subject to the post-termination duties stated in the Franchise Agreements at Section 9 and 10. These post-termination duties, as are pertinent to this case, are as follows:

    a. Remove all Liberty signs from all of your offices and other premises;

    b. Stop identifying yourself as a Liberty Tax franchisee, never hold out as a former Liberty Tax franchisee and cease, and not thereafter commence, use of any of the Marks or any marks which are likely to be confused with the Marks;

    c. Stop using all literature received from Liberty and other items bearing the Marks;

    d. Pay to Liberty all amounts owing;

    e. Transfer to Liberty all telephone numbers, listings and advertisements used in relation to their former Liberty offices and deliver to us copies of such documents of transfer;

    f. Deliver to Liberty all customer lists and copies, including electronic copies, and other sources of information containing the names of customers who patronized the Franchised Business;

    g. Deliver to Liberty all customer tax returns, files, records and copies;

    h. Deliver to Liberty the Operations Manual and all updates;

    i. Adhere to a two year 25 mile non-compete and non-solicit covenant; and

    j. Never divulge or use for the benefits of anyone outside the Liberty system *any* information concerning customers served by your prior Liberty franchised business.

(Franchise Agreements §§ 9 and 10.)

26. Defendants failed to comply with any of these contractual obligations.

27. Instead, upon information and belief, Defendants have opened a competing tax preparation business called "Freedom Tax Service" at the following locations: 3118 San Mateo Blvd. NE, Albuquerque, New Mexico 87110; 475 Coors Blvd. NW, Suite D, Albuquerque, New Mexico 87121; 1449A Eubank Blvd., Albuquerque, New Mexico 87112; 1009 Golf Course Road SE, Suite 104, Rio Rancho, New Mexico 87124; and 2130 San Mateo Blvd. NE, Suite G, Albuquerque, New Mexico 87110.

28. Defendants did not transfer their telephone numbers to Liberty but are using some of them at their current Freedom Tax Service offices.

29. Defendants did not deliver the original and all copies of the customer lists, tax returns and records, and all electronic copies to Liberty.

30. Defendants are using Liberty customer tax return information to prepare taxes as Freedom Tax Service.

31. Freedom Tax has access to all of the Liberty customer files from Defendants' former Liberty offices.

32. Upon information and belief, Defendants are using proprietary forms bearing Liberty's marks.

33. Ron Clark (Troy Clark's father), Kim Gutierrez, Michelle Foster and Tom Costigan, worked as managers for Defendants' former Liberty offices.

34. Currently, upon information and belief, Ron Clark, Kim Gutierrez, Michelle Foster and Tom Costigan are managing Freedom Tax stores on behalf of Defendants in the same locations, with the same desks, chairs and computers as the former Liberty offices.

35. Kim Gutierrez is registered as an IRS e-file provider for the Freedom Tax offices located at 3118 San Mateo Blvd. NE, Albuquerque, New Mexico 87110; 475 Coors Blvd. NW, Suite D, Albuquerque, New Mexico 87121; 1449A Eubank Blvd., Albuquerque, New Mexico 87112; 1009 Golf Course Road SE, Suite 104, Rio Rancho, New Mexico 87124; and 1603 Main Street, Suite A, Los Lunas, New Mexico 87031.

36. The Freedom Tax offices are staffed by the same employees that worked for Liberty last year.

37. The Freedom Tax office at 1009 Golf Course Road, Suite 104, Rio Rancho, New Mexico, 8714, is using a Statute of Liberty costumed waver to promote its tax prepration office.

38. The Freedom Tax office at 1009 Golf Course Road, Suite 104, Rio Rancho, New Mexico 87114, is using an A-frame sidewalk display with the Liberty Tax logo.

39. The Freedom Tax office at 2130 San Mateo Bvld NE, Albuquerque, New Mexico 87110 is using a Statute of Liberty costumed waver to promote its tax preparation office.

40. The Freedom Tax office at 1449 Eubank Blvd. NE, Albuquerque, New Mexico 87112

7

has a Statue of Liberty display in the back of the office.

41. The Freedom Tax office at 3118 San Mateo Blvd. NE, Albuquerque, New Mexico 87110 is using an Uncle Sam costumed waver to promote its tax preparation office.

42. Defendants' conduct jeopardizes Liberty's relation and franchise agreements with all its franchisees, particularily in New Mexico.

## COUNT I
## BREACH OF FRANCHISE AGREEMENTS
### (Failure to obtain employment contracts)

43. The plaintiff repeats and re-alleges paragraphs 1-41 as if fully set forth herein.

44. Defendants, while active franchisees, breached their Franchise Agreements to Liberty in at least the following ways:

   a. Defendants failed to have Ron Clark, Kim Gutierrez, Tom Costigan, Michelle Foster or any other employee, sign Employment Agreements in 2010 even though Liberty's 2010 Operations Manual required this and compliance with the Operations Manual is required by Section 6.m. of Defendants' Franchise Agreements. Liberty provided the Employment Contract templates on "Zeenet," an intranet site available to franchisees such as Defendants where the Employment Contracts could be easily printed and put into use. Such Employment Contracts contain third party beneficiary clauses giving Liberty the right to sue these co-conspirators for their current actions.

   b. Defendants failed to have Ron Clark, Kim Gutierrez, Tom Costigan, Michelle Foster or any other employee, sign Employment Agreements in 2009 even though Liberty's 2009 Operations Manual required this and compliance with the Operations Manual is required by Section 6.m. of Defendants' Franchise

8

Case 1:11-mc-00028-LH-LFG Document 1-2 Filed 05/20/11 Page 9 of 14
Case 2:11-cv-00059-MSD -DEM Document 1 Filed 01/28/11 Page 9 of 13

Agreements. Liberty provided the Employment Contract templates on "Zeenet," an intranet site available to franchisees such as Defendants where the Employment Contracts could be easily printed and put into use. Such Employment Contracts contain third party beneficiary clauses giving Liberty the right to sue these co-conspirators for their current actions.

45. Liberty has suffered damages as a result.

## COUNT II
## BREACH OF FRANCHISE AGREEMENTS
## (Failure to Fullfill Term of the Obligation)

46. The plaintiff repeats and re-alleges paragraphs 1-44 as if fully set forth herein.

47. Defendants breached their Franchise Agreements to Liberty by abandoning their Liberty franchised business in territories NM006 and NM042 prior to the end of their five year terms as stated in Section 2.a.

48. Liberty has suffered damages as a result.

## COUNT III
## BREACH OF FRANCHISE AGREEMENTS
## (Failure to abide by post-termination duties)

49. Liberty repeats and re-alleges paragraphs 1-47 as if fully set forth herein.

50. Defendants breached their Franchise Agreements with Liberty by failing to adhere to the post-termination duties in the ways specified above, as well as such other and further breaches as investigation and discovery may reveal.

51. Liberty suffered damages, including irreparable harm (from the non-monetary breaches), and will continue to suffer damages and irreparable harm because of such breaches, unless Defendants, and all of their agents, employees and all other persons in active concert or

participation with them, are enjoined from further breaches by this Court.

## COUNT IV
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114 et seq.)

52. Liberty repeats and re-alleges paragraphs 1-50 as if fully set forth herein.

53. Defendants have no right to use Liberty's marks.

54. Defendants' unlawful and improper actions are likely to cause confusion, mistakes or deception as to the source, origin, affiliation, association or sponsorship of Defendants' services, and falsely mislead customers into believing that Defendants' services originate from, or are affiliated or connected with, or are licensed, sponsored, authorized, approved or sanctioned by Liberty, which they are not.

55. Nonetheless, Defendants continue to hold out under Liberty's marks or marks confusingly similar to Liberty's in violation of 15 U.S.C. §§ 1114 and 1125(a).

56. Defendants' actions are willful, malicious, and in bad faith.

57. Liberty has suffered damages, including irreparable harm, and will continue to suffer damages and irreparable harm as a result of such infringement, unless Defendants are enjoined from further infringement by this Court.

## COUNT V
## BUSINESS CONSPIRACY
## Va. Code Ann. § 18.2-499, et seq.

58. Liberty repeats and re-alleges paragraphs 1-56 as if fully set forth herein.

59. Upon information and belief, Defendants have associated and acted with Ron Clark and Kim Gutierrez in concert for the purpose of willfully and maliciously injuring Liberty's business.

60. Defendants are acting with Ron Clark and Kim Gutierrez to infringe on Liberty's marks, breach the post-termination duties in their Franchise Agreements, and convert Liberty's

customers.

61. Defendants actions constitute a conspiracy in violation of Va. Code Ann. § 18.2-499, *et seq.*, and they have caused, and continue to cause, harm and irreparable harm to Liberty.

## COUNT VI
## CIVIL CONSPIRACY

62. Liberty repeats and re-alleges paragraphs 1-60 as if fully set forth herein.

63. Upon information and belief, Defendants, Ron Clark and Kim Gutierrez have acted in concert, agreed, associated, mutually undertaken and combined together to injure Liberty's business.

64. Defendants are acting with Ron Clark and Kim Gutierrez to infringe on Liberty's marks, breach the post-termination duties in their Franchise Agreements, and convert Liberty's customers.

65. Defendants civil conspiracy has caused, and continues to cause, harm and irreparable harm to Liberty.

WHEREFORE, in consideration of the foregoing, plaintiff Liberty Tax Service respectfully prays for the following relief:

1. That it be granted a judgment for damages in its favor against Defendants, jointly and severally, in the total amount of $200,000.00;

2. That it be granted treble damages Pursuant to Va. Code Ann. § 18.2-500;

3. That it be granted a judgment for Defendants profits wrongfully gained from their trademark infringement as provided by 15 U.S.C. § 1117;

4. That a temporary injunction, later to be made permanent, be granted compelling Defendants and all their agents, employees and all other persons in active concert or participation with them to:

a. not directly or indirectly prepare or electronically file income tax returns or offer bank products within their former Liberty Territories NM006, NM008, NM038, NM042, and NM054 or within 25 miles of the boundary of the territories for two years from the date of the entry of this injunction order;

b. not directly or indirectly solicit the patronage of any former Liberty customer served by Defendants' prior Liberty offices during the time period April 15, 2009 through April 15, 2010, for the purpose of offering tax preparation, electronic filing or bank products, neither within former Liberty territories NM006, NM008, NM038, NM042, and NM054 nor within 25 miles of the boundaries of such territories, for two years from the date of the entry of the injunction order;

c. remove all Liberty signs from all of their offices and other premises;

d. stop identifying themselves as a Liberty Tax franchisee, never hold out as a former Liberty Tax franchisee and cease, and not thereafter commence, use of any of the Marks or any marks which are likely to be confused with the Marks;

e. stop using all literature received from Liberty and other items bearing the Marks;

f. transfer to Liberty all telephone numbers, listings and advertisements used in relation to their former Liberty offices and deliver to us copies of such documents of transfer;

g. deliver to Liberty all customer lists and copies, including electronic copies,

and other sources of information containing the names of customers who patronized the Franchised Business;

h. deliver to Liberty all customer tax returns, files, records and copies;

i. deliver to Liberty the Operations Manual and all updates; and

j. never divulge or use for the benefits of anyone outside the Liberty system any information concerning customers served by your prior Liberty franchised business.

5. Award Liberty its costs and attorney's fees, pursuant to Va. Code Ann. § 18.2-500 and 15 U.S.C. § 1117(a); and

6. Grant Liberty such other and further relief as this Court may deem just and proper.

JTH Tax, Inc. d/b/a Liberty Tax Service

By: *Sada Sheldon*
Of Counsel

Sada L. Sheldon (VSB # 77957)
Corporate Counsel
JTH Tax, Inc. d/b/a Liberty Tax Service
1716 Corporate Landing Parkway
Virginia Beach, VA 23454
Telephone number: 757-493-8855
Fax number: 800-880-6432
Email: Sada.Sheldon@libtax.com

4. On May 6, 2011, Freedom Tax mailed, via first class mail, their objections to certain documents and the computer inspection. (Attached as Exhibit 2 are Freedom Tax's Responses and Objections.)

5. On May 16, 2011, during a good-faith conference, counsel for Freedom Tax again stated his client's refusal to produce certain documents or comply with the computer inspection.

6. The grounds for this Motion are more particularly stated in the accompanying Memorandum in Support of Motion to Compel Production and Inspection of Premises.

WHEREFORE, in consideration of the foregoing, Liberty respectfully prays that this Court enter an Order compelling Freedom Tax to produce documents responsive to Liberty's Document Requests and to comply with an inspection of Freedom Tax's premises and computers.

Respectfully submitted,

**JTH Tax, Inc. d/b/a Liberty Tax Service**

By: _____/s/_____
Of Counsel

*[handwritten annotation: insert Moshall signature block.]*

2