IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JTH TAX, INC., dba
Liberty Tax Service,

        Plaintiff,
  vs.                                              CIVIL NO.  11-MC-28 LH/LFG

TROY CLARK and SOUTHWEST
TAX STORES, LLC.,

        Defendants.

FREEDOM TAX STORES, LLC
and KIM GUTIERREZ,

        Miscellaneous.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ACCESS TO NON-PARTY COMPUTERS

THIS MATTER is before the Court on Plaintiff JTH Tax, Inc., dba Liberty Tax Service's ("Liberty") Motion to Compel Production and Inspection of Premises [Docs. 1 and 6].

Liberty seeks to compel non-parties, Freedom Tax Stores, LLC ("Freedom Tax") and its owner/representative Kim Gutierrez ("Gutierrez") to provide Liberty with unfettered access to Freedom Tax's computer systems to obtain the electronically stored information (ESI) therein. Liberty's subpoena sought *carte blanche* access to the business computers and, apparently, to Gutierrez's personally owned computers, and to have Liberty's technicians mirror image the head drives.[1]

---

[1] In its reply, Liberty indicates that it no longer wants its own technicians to inspect the computers, but still wants them inspected either by Freedom Tax, Gutierrez or by some other individuals.

Mirror image would provide Liberty with a complete copy of all information stored on Freedom Tax's computers and on the personal computers of Gutierrez. It is likely that the information would include customer lists, customer addresses and customer financial information.[2] It would also include social security numbers of clients, as well as personal information relating to Freedom Tax and Gutierrez, including their social security numbers, passwords, banking information, health information and perhaps personal diaries.

Nothing in Liberty's motion indicates that it sought or proposed limiting the e-discovery search to particular subject matters. It has apparently not proposed any appropriate search terms or fields. Nothing in the motion indicates the anticipated costs of this ESI search, nor does it address how the costs will be borne.

While ESI is subject to discovery, *see* Fed. R. Civ. P. 26(a)(1)(A)(ii), the discovery must be consistent with overall provisions governing discovery as set forth more generally in Fed. R. Civ. P. 26. That is, the information sought must be relevant to the claims and defenses. In this case, without any effort to limit the search to claims and defenses in Liberty's lawsuit against defendants in the Eastern District of Virginia, this Court concludes that the search is overly broad under Fed. R. Civ. P. 26(b)(2)(C). That Rule provides that, on its own motion or motion of a party, the Court shall limit the frequency or extent of discovery otherwise allowed by the rules or by local rules if it determines that the discovery sought is unreasonable, cumulative, duplicative or obtainable from some other more convenient source. Id. The Court may limit discovery if it concludes that the parties have had ample opportunity to obtain the information via discovery proceedings or if the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of

---

[2]In an order filed contemporaneously herewith, the Court found that customer lists were set out by The Restatement (First) of Torts, Sec. 757, comment 6, as "trade secrets."

the case, the amount in controversy, the parties' resources, and the importance of the issue at stake in the action, and the importance of the discovery in resolving the issues.  *See* Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.2d 1151, 1163-64 (10th Cir. 2010)(discussing factors relevant to trial court's exercise of discretion in limiting discovery).

It appears that the information sought is available from other sources, including the defendants in the case pending in the Eastern District of Virginia.  Further, without evidence that Liberty has met and conferred with Freedom Tax or with its representative in an effort to propose particular subject matters, search terms, and methods of paying for the search, Liberty's overly broad request is inappropriate.

This Court has no information concerning the amounts in controversy, the parties' resources, or why the information sought from these non-parties is critical in Liberty's prosecution of its case against defendants in the Eastern District of Virginia.  Thus, it is unable to perform the proportionality analysis contemplated by Rule 26.

Under the authority of Fed. R. Civ. P. 26(b)(2)(C), as well as Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000); Burka v. U.S. Dep't of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996), the Court DENIES the request to compel inspection of premises.

IT IS SO ORDERED.

                                                       */s/ Lorenzo F. Garcia*
                                                    Lorenzo F. Garcia
                                                   United States Magistrate Judge